***********
This matter was reviewed by the Full Commission based upon the record of the proceedings before Deputy Commissioner Phillip A. Baddour, III, along with the briefs and arguments on appeal. The appealing party has not shown good ground to receive further evidence or to amend the prior Opinion and Award. Accordingly, the Full Commission adopts and affirms the Deputy Commissioner's holding and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties at the hearing as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employee-employer relationship existed between the parties at all relevant times.
3. The accident that is the subject of this claim occurred on June 10, 2000.
4. The parties agreed at the hearing that the only issues presently before the undersigned are:
 (a) Whether Risk Control Services, Inc. properly cancelled its workers' compensation insurance policy for Merritt Builders, Inc., on February 15, 2000?
 (b) Whether Risk Control Services, Inc. has workers' compensation coverage for plaintiff's alleged injury of June 10, 2000?
5. The parties stipulated to the following documents that were received into evidence:
 (a) A Pre-trial agreement, with a modification of the issues to be decided as stated above, was admitted as stipulated exhibit 1.
 (b) The underwriting file of Risk Control Services, Inc. was admitted as stipulated exhibit 2.
 ***********
Based upon the evidence of record, the Full Commission enters the following:
 FINDINGS OF FACT
1. Merritt Builders, Inc. ("Merritt Builders") is a small building company, with a single shareholder, Kim Merritt. Prior to the incorporation of Merritt Builders, the business was conducted by Ms. Merritt's now deceased husband, Larry Merritt. Prior to his death, Larry Merritt had purchased a policy of workers' compensation insurance through Dean Jackson, an insurance agent at Beacon Insurance Group. The policy at issue in the present case was issued by The Insurance Corporation of New York, with Risk Control Services, Inc. ("Risk Control Services") as the servicing agent. The policy number was NC0000552500RCS with an effective date of August 1, 1999, and an expiration date of July 31, 2000.
2. In early February 2000, The Insurance Corporation of New York, through Risk Control Services, sent a "Notice of Cancellation" for non-payment of premiums by certified mail addressed to Merritt Builders and Kim Merritt. Nothing on the face of the envelope indicated that it contained a notice of cancellation. The envelope contains a post office stamp indicating that it was "unclaimed." Mrs. Merritt believed that her workers' compensation insurance coverage remained in effect since she and her brother had made a payment that she thought paid for the entire policy period subject to modifications based on payroll.
3. Neither Dean Jackson nor Beacon Insurance Group received a copy of the Notice of Cancellation or any other indication that the policy was to be cancelled.
4. Forest Bray, the sole shareholder of Bray, Inc., has been in the construction business for forty-four years. In early April 2000, Bray, Inc., started a remodeling job for a homeowner. In the latter part of May 2000, Bray, Inc. brought Merritt Builders to the job in order to furnish labor. At the time of the agreement between Bray, Inc. and Merritt Builders regarding the furnishing of labor, Merritt Builders had not provided Bray, Inc. with proof of workers' compensation coverage. After Merritt Builders employees had been on the job for a few days, Beacon Insurance Group faxed a certificate of workers' compensation insurance to Bray, Inc. Plaintiff's accident occurred shortly thereafter on June 10, 2000.
5. Dean Jackson and Beacon Insurance Group acted as an agent of The Insurance Corporation of New York and Risk Control Services when it provided said certificate of insurance. Merritt Builders and Bray Inc. relied on said certificate of insurance in deciding upon an arrangement in which Bray, Inc. would not add Merritt Builders' employees to its workers' compensation policy because coverage was already provided.
6. Risk Control Services relied on its agents to provide workers' compensation certificates of coverage on behalf of insured employers to general contractors. It is standard in the construction industry to rely on certificates of insurance provided by insurance agents.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Beacon Insurance Group and Dean Jackson are agents of The Insurance Corporation of New York and Risk Control Services.
2. "The scope of an agent's apparent authority is determined not by the agent's own representations, but by the manifestations of authority which the principal accords to him." Pipkin v. Thomas and Hill, Inc.,33 N.C. App. 710, 236 S.E.2d 725 (1977). The Insurance Corporation of New York and Risk Control Services accorded its agents Beacon Insurance Group and Dean Jackson with actual and apparent authority to issue certificates of insurance.
3. "A party is estopped when he by his acts, representations, or admissions, or by his silence when he ought to speak out, intentionally or through culpable negligence induces another to believe certain facts to exist and such other rightfully relies and acts on such belief, so that he will be prejudiced if the former is permitted to deny the existence of such facts." U.S. Fidelity and Guar. Co. v. Country Club ofJohnston County, Inc., 119 N.C. App. 365, 458 S.E.2d 734 (1995). The Insurance Corporation of New York and Risk Control Services are estopped from denying coverage for plaintiff's accident on June 10, 2000 based upon the certificate of insurance provided by its agents.
4. Because the undersigned finds that The Insurance Corporation of New York and Risk Control Services are estopped from denying coverage, it is not necessary to address whether the policy had been properly cancelled.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
1. The Insurance Corporation of New York, with Risk Control Services as its servicing agent, provides workers' compensation coverage for plaintiff's accident on June 10, 2000.
2. Defendants shall pay the costs.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER